Deaderick, J.,
delivered tbe opinion of tbe court:
Complainant, as legatee of lier father, is entitled to a residuum of bis estate in tbe bands of defendant Isaac, as executor, amounting to upwards of $1,000, as alleged in her bill.
She makes said executor and John I. Thompson, bis surety, and Elizabeth P. Nobles, tbe widow and adminis-tratrix of W. A. Nobles, and tbe heirs of said ¥m. A. Nobles, deceased, who was 'also surety of Isaac TL, as executor for her father’s estate, defendants.
Tbe bill alleges that tbe father of complainant, Mary E., died in June, 1858, and in July, 1858, said Isaac H. qualified as executor; that be is insolvent, and bad in bands due her upon bis last settlement with tbe county court clerk, in 1868, $1,007, and bis surety, Thompson, resided in Texas, and has no property in Tennessee; and that "Wm. A. Nobles, tbe other surety, is dead, leaving personal and real estate, and that bis widow, Elizabeth P., administered upon bis estate, and lias appropriated all tbe personal property to tbe payment of debts of bis estate, and to tbe benefit of bis heirs, leaving nothing remaining of bis estate except several tracts of land described in tbe bill.
Tbe bill prays that an account be taken, and that a decree be rendered against Isaac TL, as executor, and bis surety, John L. Thonxpson, and also' ‘against tbe widow, tbe administratrix, and the heirs at law of "W. A. Nobles, deceased, tbe other surety on tbe executor’s bond, and for tbe sale of tbe land belonging to tbe estate of said W. A. Nobles, deceased, to satisfy tbe amount ascertained tO' be due complainant, and for general relief.
Isaac TI. Croom, the executor, answered, and admitted the allegations of the bill; a judgment pro confess© was taken against Thompson, and tbe Nobles demurred to tbe bill.
Tbe demurrer was sustained, and tbe bill was dismissed as to Nobles, without prejudice, and complainant has appealed.
*701 Tbe demurrer sets out several causes:
1st. That there is a misjoinder of parties.
2d. That the bill is multifarious.
3d. That the bill seeks to subject real estate to sale and does not allege complainant is a judgment creditor, and because the bill does not show that the personal estate of Nobles was exhausted in the payment of debts.
The record of the settlement of the county court clerk, with the executor of Groom, shows the amount due from the executor, and also that Thompson and Nobles were his sureties, and it further appears that complainant, as legatee of her father, is entitled to the amount due from the executor.
And the bill is filed against the executor and his surviving surety, and the personal representative of the deceased surety, and his heirs at law, to enforce the payment of the legacy, and not as a creditor of the estate.
The heirs at law of Nobles are made parties upon the allegation that the personal estate has been exhausted in payment of debts and for their benefit.
If they have received assets which ought to have been applied to the payment of debts against the estate, the ad-ministratrix might be chargeable with a devastavit, or they held accountable for it (Sto. Eq. PL, 178; 1 Sto. Eq. Jur., 581, note 4), and if such personalty were exempt from execution, or such as went into the hands of the widow for a year’s support for herself and children within the prescribed age, the realty descended to the heirs would be liable for the satisfaction of any claim established against the estate. In either aspect of the case we think the administrator and heirs at law of Nobles were proper parties to be joined in the suit, and that the bill is not for such joinder of- the heirs multifarious.
It is not necessary that complainant should first obtain judgment, before filing her bill for the payment of her legacy against the executor and his sureties, and the joinder *702 of the heirs at law and prayer for satisfaction ont of the land descended to them does not render .the bill multifarious. .
Upon the allegations of the bill, and in -view of its objects and purposes, we are of the opinion that the decree of the chancellor sustaining the demurrer was erroneous, and the same is reversed,, and the cause is remanded for ■answers and further proceeding.